IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stephen A. Johnson, | ) | Case No.: 5:23-cv-507-JD-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden of FCI Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 28.) Petitioner Stephen A. Johnson ("Petitioner" or "Johnson"), proceeding *pro se,* filed a Petition for a writ of habeas corpus action pursuant to 28 U.S.C. § 2241 against Respondent Warden of FCI Bennettsville ("Respondent" or "Warden"), challenging the calculation of earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A). (DE 1.)

On April 17, 2023, Respondent filed a Motion to Dismiss seeking to dismiss Johnson's Petition as moot due to Petitioner's release from custody. (DE 20, p. 1.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 21.) On May 15, 2023, the Roseboro Order was returned as undeliverable to the Court. (DE 24.) In accessing the inmate locator found online for the Federal Bureau of Prisons,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

it appears that Petitioner was released on March 31, 2023.[2] Petitioner has failed to respond to the Order or otherwise provide the Court with an updated address.

The Report was issued on July 5, 2023, recommending that this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (DE 28.) Petitioner has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, the Court adopts the Report (DE 28) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Johnson's Petition is dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

                                                  Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 7, 2023

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] See Inmate Locator, available online at https://www.bop.gov/inmateloc/ (last visited May 24, 2023).